UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ROBERT W. JOHNSON             :   Civ. No. 3:22CV00313(SALM)
                              :
v.                            :
                              :
STEPHEN MOSCHOURIS, AMTRAK,   :
STEPHEN J. GARDNER,           :
CHRISTOPHER R. BEALL, YVONNE  :
BRATHWAITE BURKE, THOMAS V.   :
CARPER, ANTHONY R. COSCIA,    :
ALBERT DICLEMENTE, and        :
LAURA MASON                   :   March 18, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 28, 2022. [Doc. #1] On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names the following defendants: Stephen Moschouris, Amtrak, Stephen J. Gardner, Christopher R. Beall, Yvonne Brathwaite Burke, Thomas V. Carper, Anthony R. Coscia, Albert DiClemente, and Laura Mason. The Complaint, filed on a District of Connecticut complaint form, reads, in its entirety:

> Stephen Moschouris and Amtrak and all other listed defendants violated Robert W. Johnson rights and have denied liability for injury report.
>
> Robert W. Johnson was injured at a Syracuse Amtrak station: 1 Walsh Circle: Syracuse, NY 13208 due to icy

1

>   weather conditions on the train station platform. All parties deny liability for Robert W. Johnson injuries, lost wages and lost of liberty from 12/20/2022 to [illegible.]
>
>   All defendants deny Robert W. Johnson prescence and purchase of Amtrak train ticket[.]

Doc. #1 at 3 (sic). The Complaint contains no request for relief.

## I.  **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the

---

[1] Plaintiff is well versed in civil litigation, having filed more than 25 cases in this District, and well over 100 in other Districts.

deference usually granted to pro se plaintiffs need not be expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

## II. Discussion

The Complaint fails to expressly assert any basis for subject matter jurisdiction in violation of Rule 8. See Fed. R. Civ. P. 8(a)(1). However, one named defendant is Amtrak. "[A] suit against Amtrak invokes federal question jurisdiction." Bak v. Metro-N. RR. Co., 100 F. Supp. 3d 331, 336 (S.D.N.Y. 2015), on reconsideration in part sub nom. Bak v. Metro-N. R. Co., 2015 WL 2213569 (May 8, 2015), and aff'd in part sub nom. Chan Young Bak v. Metro-N. R.R. Co., 650 F. App'x 63 (2d Cir. 2016).[2] Nevertheless, the Complaint fails to comply with Rule 8 and fails to state a claim upon which relief may be granted.

First, the allegations of the Complaint, consisting of four conclusory sentences, fail to provide any facts in support of plaintiff's purported claim(s). See Fed. R. Civ. P. 8(a)(2); see also Doe v. City of New York, No. 97CV00420(SJ), 1997 WL 124214,

---

[2] "A suit against a corporation established by Congress is generally considered to arise under the laws of the United States, but only where the United States owns more than half of the corporation's stock. Since the United States owns more than 50% of Amtrak stock, federal courts have clear jurisdiction in lawsuits where Amtrak is a party." Bak, 100 F. Supp. 3d at 336 (citation and quotation marks omitted).

at *1 (E.D.N.Y. Mar. 12, 1997) ("While the court liberally construes the pleadings of pro se litigants, they too are expected to comply with the mandates of Rule 8, and must supply facts to support the allegations raised in a complaint."). Additionally, the allegations of the Complaint fail to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Indeed, the only defendants named in the body of the Complaint are Amtrak and Mr. Moschouris.

Second, the Complaint fails to set forth any demand for relief. A demand for relief is also required by Rule 8. See Fed. R. Civ. P. 8(a)(3). Without a demand for relief, defendants cannot possibly ascertain whether plaintiff seeks equitable or monetary relief, or some combination thereof. Thus, without such a demand, defendants lacks "fair notice of the claim asserted so as to enable [defendants] to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Third, the sparse allegations of the Complaint fail to state a claim for negligence under either New York or Connecticut law. See Olesky v. Nat'l R.R. Passenger Corp., No. 97CV03529(MJL)(KTD), 1999 WL 595637, at *1 (S.D.N.Y. Aug. 5, 1999) ("To make out a prima facie case of slip and fall negligence under New York law, a plaintiff must demonstrate that

the defendant 1) created the condition which proximately caused the injury or 2) had actual or constructive notice of the hazardous condition and failed to correct it."); Martin v. Stop & Shop Supermarket Cos., Inc., 796 A.2d 1277, 1278 (Conn. App. Ct. 2002) (Premises liability action brought pursuant to Connecticut law requires a showing of: "(1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." (citation and quotation marks omitted)).

Finally, it appears that venue would not lie in the District of Connecticut.

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. §1391(b). The Complaint does not allege that any defendant is a resident of the District of Connecticut. Thus, venue is not proper in the District of Connecticut under §1391(b)(1). The Complaint alleges that the incident at issue occurred at a train station located in New York. See Doc. #1 at

~ 6 ~

3. Therefore, the District of Connecticut is not the proper venue under §1391(b)(2).

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice**. See Crawford v. Lutheran Med. Ctr., No. 08CV03429(NGG)(LB), 2011 WL 887806, at *2 (E.D.N.Y. Mar. 14, 2011) ("[E]ven a pro se complaint will be dismissed for failing to meet the notice pleading standard of Rule 8(a)(2) if it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation marks and citation omitted)).

### III. Conclusion

For the foregoing reasons, the Complaint [**Doc. #1**] is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **April 11, 2022**.

It is so ordered this 18th day of March, 2022, at New Haven, Connecticut.

_____/s/_____
SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE